UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTONIO T. ANDREWS,

    Applicant,

v.                                                 CASE NO. 8:20-cv-1234-SDM-UAM

SECRETARY, Department of Corrections,

    Respondent.
_____/

## ORDER

Andrews applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for driving with a restricted license, armed trafficking in cocaine, possession of cannabis, and possession of drug paraphernalia. Andrews is imprisoned for ten years. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 20-2) An earlier order determines that the application is timely. (Doc. 19) The application asserts one ground for relief, which the respondent argues is both procedurally defaulted and meritless.

### I. BACKGROUND[1]

On the afternoon of August 7, 2015, Officers Eric Mathers and Preston Hale were patrolling Lakeland, Florida, in an unmarked police vehicle. They observed a green Toyota sedan drive past the "stop bar" at an intersection. (Respondent's

---

[1] This summary of the facts derives from the trial transcript. (Respondent's Exhibit 32)

Exhibit 32 at 190–91)  The driver spotted the police vehicle and slammed on the brakes.  As the officers drove past the vehicle, they saw the driver "slouch down and to the left," and they detected "a strong odor of fresh marijuana."  (*Id.* at 192–93)  The officers turned around and followed the vehicle through the intersection.

After traveling approximately three blocks, the officers activated their emergency lights and siren.  The Toyota sedan pulled into a driveway.  The driver, later identified as Andrews, exited the car and began talking into a cellphone.  Officer Hale approached Andrews and told him to stop.  Andrews complied.  Officer Hale looked through the driver's side window of the vehicle and saw a baggie of marijuana in the center console.  He also detected the odor of marijuana.  Officer Hale informed Andrews that Officer Mathers and he would be searching the car.  Andrews said he did not want the officers to search, and he offered to "recover the cannabis" for them.  (*Id.* at 255)

Officer Hale declined the offer and walked Andrews back to the police vehicle.  Meanwhile, Officers Mathers began searching the car.  He retrieved the baggie of marijuana and discovered a .380 caliber firearm "sitting in the cupholder area" within arm's reach of the driver.  (*Id.* at 201)  Officer Mathers also found a bookbag on the front passenger floorboard.  The bookbag contained 31.20 grams of cocaine and 930.40 grams of marijuana.

Officer Hale searched Andrews and found approximately $3,000 in cash in Andrews's right front pocket.  Andrews asked whether he "could just pay" the officers to "get out of this."  (*Id.* at 259)  Officer Hale refused the bribe and placed

Andrews in the police cruiser.

On August 21, 2015, Andrews was charged with one count of driving on a restricted license, one count of armed trafficking in cocaine (28 grams or more), one count of possession of cannabis (over 20 grams), and one count of possession of drug paraphernalia. (Respondent's Exhibit 2) Six months after the information was filed, Andrews moved to suppress the evidence recovered from the vehicle and argued that the "pursuit, detaining, and search" were "performed without adequate probable cause." (Respondent's Exhibit 24 at 2) The motion was set for a hearing, which was continued because of the trial court's heavy caseload. (Respondent's Exhibit 25 at 5–6) The hearing was continued a second time to allow Andrews's counsel to review the officers' deposition transcripts. (Respondent's Exhibit 26 at 5–6, 10)

Shortly after the second continuance, Andrews's counsel moved to withdraw and cited "[i]rreconcilable differences" between his client and him. (Respondent's Exhibit 27) The trial court granted the motion. (Respondent's Exhibit 28) Andrews filed a *pro se* motion to dismiss and contended that he "was illegally detained and his person searched" "without adequate probable cause" or "reasonable suspicion of criminal activity." (Respondent's Exhibit 29) One week later, replacement counsel was appointed to represent Andrews. At a subsequent pretrial hearing, Andrews's counsel withdrew the *pro se* motion to dismiss. (Respondent's Exhibit 31)

The case proceeded to trial. Before the jury was sworn, the court asked counsel whether "[a]nything else" needed to be addressed. (Respondent's Exhibit 32 at 150) The prosecutor indicated that the court needed to rule on two outstanding

motions in limine. Neither the prosecutor nor defense counsel mentioned the motion to suppress, and the evidence recovered from the car was introduced at trial without objection. Andrews testified (1) that the drugs, the bookbag, and the gun did not belong to him, (2) that he did not notice those items when he entered the car because he was five hours late for work and "rushing," and (3) that he offered to bribe the officers because he "was terrified of jail" and "felt like [he] was being discriminated against." (*Id.* at 367–73) The jury convicted Andrews on all counts, and the trial court sentenced him to a total term of ten years' imprisonment.

## II. STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Williams v. Taylor*, 529 U.S. 362, 412–13 (2000), explains this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied — the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable[;] . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 693 (2002).  "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).  *See White v. Woodall*, 572 U.S. 415, 427 (2014) ("The critical point is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no fairminded disagreement on the question . . . ."); *Woods v.*

*Donald*, 575 U.S. 312, 316 (2015) ("And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice.") (citing *Woodall*, 572 U.S. at 419). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "[AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell*, 535 U.S. at 694. A federal court must afford due deference to a state court's decision. "AEDPA prevents defendants — and federal courts — from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010). *See also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

When the last state court to decide a federal claim explains its decision in a reasoned opinion, a federal habeas court reviews the specific reasons as stated in the opinion and defers to those reasons if they are reasonable. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) ("[A] federal habeas court simply reviews the specific reasons

given by the state court and defers to those reasons if they are reasonable."). When the relevant state-court decision is not accompanied with reasons for the decision, the federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same reasoning." *Id.*

In a *per curiam* decision without a written opinion, the state appellate court on direct appeal affirmed Andrews's convictions and sentences. (Respondent's Exhibit 6) Similarly, in *per curiam* decisions without written opinions, the state appellate court affirmed the denial of Andrews's two Rule 3.850 motions for post-conviction relief. (Respondent's Exhibits 11 & 20) The state appellate court's *per curiam* affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002). *See also Richter*, 562 U.S. at 100 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."), and *Bishop v. Warden*, 726 F. 3d 1243, 1255–56 (11th Cir. 2013) (describing the difference between an "opinion" or "analysis" and a "decision" or "ruling" and explaining that deference is accorded the state court's "decision" or "ruling" even absent an "opinion" or "analysis").

As *Pinholster* explains, 563 U.S. at 181–82, review of the state court decision is limited to the record that was before the state court:

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, *i.e.*, the record before the state court.

Andrews bears the burden of overcoming by clear and convincing evidence a state court's fact determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir. 2001). The state court's rejection of Andrews's post-conviction claims warrants deference in this federal action. (Respondent's Exhibits 9 & 16)

### III. MERITS

The pending application asserts a single ground for relief — the trial court erred by failing to rule or hold a hearing on Andrews's motion to suppress the evidence recovered from the car. (Doc. 1 at 5–11) Andrews argues that the motion to suppress was meritorious because the stop and the search were "performed without adequate probable cause and without reasonable suspicion of criminal activity." (*Id.* at 5) Andrews raised this claim in his second Rule 3.850 motion. (Respondent's Exhibit 15 at 3–6) The state post-conviction court rejected the claim

as follows (Respondent's Exhibit 16 at 1–2) (record citations omitted):

> The issue complained of needed to have been raised on direct appeal or in a previous post-conviction motion. Fla. R. Crim. P. provides a potential avenue of relief through a writ of habeas corpus. However, "[h]abeas corpus is not a second appeal and cannot be used to litigate or relitigate issues which could have been . . . or were raised on direct appeal." *Mills v. Dugger*, 574 So. 2d 63, 65 (Fla. 1990) (quoted in *Baker v. State*, 878 So. 2d 1236, 1241 (Fla. 2004)). Also, the Florida Supreme Court has "consistently held that 'substantive claims of prosecutorial misconduct could and should [be] raised on direct appeal and are thus procedurally barred from consideration in a post-conviction motion.'" *Rogers v. State*, 957 So. 2d 538, 547 (Fla. 2007) (quoting *Spencer v. State*, 842 So. 2d 52, 60 (Fla. 2003)).
>
> The Court further notes that Defendant already raised, and lost on, this issue in his first [Rule 3.850] Motion, which faulted his trial counsel for failing to file the motion to suppress. This Court denied that motion, finding that the Defendant had not shown the motion would have been granted if filed. That Order, a copy of which is attached to this Order, was affirmed on appeal, and the mandate of the affirmance was filed on November 28, 2018. The trial court is not at fault for not ruling on a motion that, for whatever reason, was never set for a hearing.

In its order denying the first Rule 3.850 motion, the post-conviction court ruled that Andrews could not "show that the [c]ourt would have granted a motion to suppress." (Respondent's Exhibit 9 at 1) Citing the trial testimony recounted above, the court found that (1) "law enforcement had probable cause to initiate a traffic stop due to [Andrews] not stopping at the stop bar," and (2) the "search of the vehicle" was lawful based on "the smell of cannabis" and "the baggie of cannabis found in plain view in the car's console." (*Id.* at 2) The court concluded that, because the motion to suppress would have been denied, trial counsel was not deficient for failing

to pursue it. (*Id.*)

The post-conviction court reasonably concluded that the trial court did not err in handling Andrews's motion to suppress.[2] The trial court did not rule on the motion because Andrews abandoned it. Represented by counsel, Andrews moved to suppress the evidence recovered from the car. After two continuances of the suppression hearing, Andrews's counsel withdrew. Andrews filed a *pro se* motion to dismiss and argued that he was stopped and searched "without adequate probable cause." (Respondent's Exhibit 29) Andrews's replacement counsel withdrew the motion to dismiss, and the case proceeded to trial. When the court asked counsel whether "[a]nything else" needed to be addressed before the jury was sworn, neither defense counsel nor the prosecution mentioned the motion to suppress. (Respondent's Exhibit 32 at 150) Furthermore, the evidence recovered from the car was introduced at trial without objection.

Andrews's failure to obtain a ruling on the motion to suppress, along with the decision not to object at trial to the evidence recovered from the car, caused a waiver of the motion. *See United States v. Mireles*, 570 F.2d 1287, 1290 (5th Cir. 1978) ("Counsel never requested a ruling on the motion to suppress . . . and no ruling was ever made. It is therefore clear that defendant effectively abandoned the motion to

---

[2] Because this claim is denied on the merits, exhaustion and procedural default are not addressed. *See* 28 U.S.C. § 2254(b)(2); *Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020) ("[A] federal court may skip over the procedural default analysis if a claim would fail on the merits in any event.").

suppress . . . .")³; *James v. State*, 973 So. 2d 1194, 1196 n.3 (Fla. 2d DCA 2008) (defendant waived pretrial motion by failing "to obtain a ruling" on it); *Tolbert v. State*, 922 So. 2d 1013, 1017 (Fla. 5th DCA 2006) (defendant's failure to "obtain[] a ruling from the trial court regarding his motion in limine" — "along with his failure to timely object at the time the testimony . . . was introduced" — "effectively waived his objection"). Because Andrews abandoned the motion to suppress, the trial court did not violate his constitutional rights by failing to address it. *See United States v. Taglia*, 922 F.2d 413, 416 (7th Cir. 1991) ("If a motion is not acted upon, a litigant had better renew it. He may not lull the judge into thinking that it has been abandoned and then, after he has lost, pull a rabbit out of his pocket in the form of the forgotten motion.").

Even assuming the trial court erred in failing to rule on the motion to suppress, Andrews cannot obtain relief because the motion was meritless. Andrews sought to suppress the evidence recovered from the vehicle and argued that the "pursuit, detaining, and search" were "performed without adequate probable cause." (Respondent's Exhibit 24 at 2) A traffic stop "is constitutional if it is either based upon probable cause to believe a traffic violation has occurred or justified by reasonable suspicion." *United States v. Harris*, 526 F.3d 1334, 1337 (11th Cir. 2008). Officers Hale and Mathers had probable cause to stop Andrews's vehicle based on his failure to stop at the stop line. *See* Fla. Stat. § 316.123(2)(a) ("[E]very driver of a

---

³ Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

- 11 -

vehicle approaching a stop intersection indicated by a stop sign shall stop at a clearly marked stop line."); *United States v. Brown*, No. 2:20-cr-4-TPB-NPM, 2020 WL 7238501, at *2 (M.D. Fla. Dec. 9, 2020) ("Courts interpreting [Fla. Stat. § 316.123(2)(a)] have concluded that a vehicle is required to stop before any part of that vehicle crosses the stop line.") (collecting cases).

Officer Mathers's search of the vehicle was lawful because he had probable cause to believe that "contraband or evidence of a crime [was] present." *United States v. Braddy*, 11 F.4th 1298, 1312 (11th Cir. 2021). Upon approaching the vehicle, Officer Mathers looked through the driver's side window and saw a baggie of marijuana in the center console. He also detected the odor of marijuana. Because Officer Mathers "observed the contraband in plain view, he was entitled to seize it." *United States v. Spoerke*, 568 F.3d 1236, 1249 (11th Cir. 2009). The presence of the marijuana "also provided probable cause that the vehicle contained additional contraband or other evidence of a crime and permitted Officer [Mathers] to conduct a warrantless search of the vehicle." *Id.*

Because the traffic stop and the subsequent search of the vehicle were lawful, the post-conviction court reasonably concluded that Andrews's motion to suppress lacked merit. Consequently, Andrews cannot obtain relief based on the trial court's handling of the motion to suppress.

## IV. CONCLUSION

Andrews's application for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk must enter a judgment against Andrews and **CLOSE** this case.

## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Because Andrews fails to demonstrate either a substantial showing of the denial of a constitutional right or that reasonable jurists would debate both the merits of the ground and the procedural issues, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Andrews must obtain permission from the court of appeals to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on August 7, 2023.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE